UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL GRAHAM** | : | **DOCKET NO. 2:07-cv-1179**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALBERTO GONZALES** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner, Michael Graham, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

### FACTS

On March 16, 2005, petitioner pled guilty in the United States District Court for the Northern District of Iowa to violating to violating 21 U.S.C. § § 841(a)(1), 841(b)(1)(A), and § 846 . *United States v. Graham*, 1:05-cr-00002 (N.D. Iowa). For these offenses, he was sentenced on October 27, 2005 to 120 months imprisonment to be followed by a 5 year term of supervised release. *Id.,* doc. 28. Petitioner filed no post-conviction appeals or motions in the sentencing court or the Eighth Circuit.

On July 13, 2007, petitioner filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.[1] In this petition, petitioner challenges his conviction on the grounds that he had

---

[1] As originally filed, this petition was deficient and not referred to the undersigned until the deficiency was cured.

ineffective assistance of counsel and that the court wherein he was convicted lacked subject matter jurisdiction.

## LAW AND ANALYSIS

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and §2255 is the primary means by which a federal prisoner can collaterally attack the legality of his conviction and sentence.[2] *Warren v. Miles*, 230 F.3d 668, 694 (5th Cir. 2000);*Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's claim for *habeas corpus* relief rests entirely upon the premise that his conviction and sentence entered in the Iowa federal court are invalid. The petition is devoid of any claim solely directed to the manner in which the sentence is being executed. The undersigned is concerned that petitioner has expressly filed this petition under § 2241 merely to circumvent the one-year statute of limitations for filing a Motion to Vacate pursuant to § 2255.

A federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255 by establishing that the remedy provided for under 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." *Christopher v. Miles*, 342 F.3d 378, 281 (5th Cir. 2003); *Cox v.*

---

[2]This court is not the proper forum for such a claim inasmuch as a §2255 motion should be filed in the court where the criminal conviction and sentence were imposed. A motion to vacate sentence is ordinarily presented to the judge who presided at the original conviction and sentencing. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). 28 U.S.C. §2255 provides, in pertinent part,
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the <u>court which imposed the sentence</u> to vacate, set aside or correct the sentence. (emphasis added).

*Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990) citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The burden of demonstrating the ineffectiveness of a §2255 petition rests squarely on the shoulders of the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam); *Henderson v. Haro*, 01-30852 (unpublished) (5th Cir. 2002)(affirming *Henderson v. Haro*, 2:01-cv-204 (W.D. La.2001)). Two factors must be satisfied before a petitioner may file a §2241 petition in connection with the §2255 savings clause. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, it must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." *Id.*; *Henderson, supra.* The mere inability to meet the procedural filing requirements of § 2255 does not render § 2255 an inadequate or ineffective remedy. *Randle v. Dobre*, 45 Fed.Appx. 321 (5th Cir. 2002); *Carlisle v. Gonzales*, 2007 WL 2572302 (W.D. La. 2007).

Petitioner has not made any allegations which would lead this court to conclude that the remedy under §2255 is an inadequate or ineffective means for challenging the legality of his detention. The only basis for such a conclusion would be that he is potentially time-barred from filing a § 2255 at this time since it has been more than one year since his conviction and sentence.[3] However, such a procedural bar would not render § 2255 inadequate or ineffective. *Randle, supra; Carlisle, supra; Jeffers,* 253 F.3d at 830; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *United*

---

[3]This court makes no determination regarding the timeliness of any § 2255 petition which petitioner may choose to file in the appropriate court. As noted by the court in *Carlisle v. Gonzales*, 2007 WL 2572303 (W.D. La. 2007), "the law regarding the application of the one-year time limitation is evolving and it is not clear under the jurisprudence that petitioner's claim would be barred. Accordingly, the undersigned will not speculate as to the result which the Alabama district court would reach should petitioner file a § 2255 motion in that court."

*States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). Because petitioner fails to satisfy the savings clause of § 2255, his § 2241 petition should be dismissed for lack of jurisdiction. *See Thomas v. Jeter*, 2005 WL 623503 (N.D. Tex. 2005), citing *Christopher v. Miles*, 342 F.3d at 385.

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* filed pursuant to §2241 be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 19, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE